B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Virginia

In re **LAWRENCE FRANK GLASER** Case No. **11-10048**
       Debtor                                                                              (if known)

[FILED stamp: 2011 JAN -4 P 1:5_, US BANKRUPTCY COURT CLERK, ALEXANDRIA DIVISION]

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

❏ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

_____

✱ SEE ATTACHMENT

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: _____

Date: 1/4/11

I have not sought credit counseling because my debts are identical to those listed in 0110220 SSM, a previous Chapter 11 proceeding in this forum.

I am here now due to 3 related matters.

1. Having divorced, my spouse is demanding the sale of the home under terms which I believe are inconsistent with both our written agreement and the mutual decision to wait 4 years due to the economy. The final decision in this matter greatly affects my ability to operate from a financial perspective.

2. Brian E. Stowers + Michelle Stowers have seperated and are filing for divorce. I owe Brian E. Stowers ~$700,000, partially secured, and he informed me today he will not be able to waive the debt.

3. The previous subpoenas and Rule 2004 Discovery of:

a) Rahul Singh, dba Dhunn-Carr
b) Morgan Stanley Dean Witter, and/or Jonathan Legg
c) Barry Weiner, President, ENZO BIOCHEM (NYSE, ENZ)
d) Counsel to Barry Weiner and ENZO Biochem, Morrison Cohen, LLP.

resulted in spoliation of the record. But for this spoliation consisting of deliberately withheld documents and outright false answers, under oath, complaints thereafter filed would have included crucial information necessary for the successful prosecution

pg 2

of these matters.
cases entitled:
Glaser v MSDW (At the NASD in arbitration)
Glaser v ENZO (4th Circuit, Eastern District, Judge Gerald Bruce Lee)
and what may be an additional series of cases against Rahul Singh, Dhunn-Carr, Johnathon Leggi, may have ensued.

It is also possible, the timing of release of truthful documents and concealed information directly caused my litigation counsel, Michael J. Rovell, (Deceased) to delay his prosecution due to lack of evidence.

Another case entitled Hunt v ENZO, 2nd Circuit, Fed. Dist. Ct. Southern District, Manhattan, Judge Shira Scheindlein, was spoliated by the above named parties.

I may have an additional claim against Morrison Cohen, LLP, for conducting a Fraud on this court and knowingly overseeing a willful perjury by Barry Weiner and ENZO Biochem.

For the above reasons, I feel credit counseling is not germane to this matter.

I also respectfully suggest assignment to Judge Stephen Mitchell.

LAWRENCE F. GLASER
1/4/2011